After a careful examination of the claims made by both sides, I have reached the conclusion that the petition is good as against a demurrer. The cases cited by counsel for defendant support its contention in this, that where an intermediate common carrier is required by statute to carry freight offered to it, it is not bound by the terms of a bill of lading issued by the initial carrier. That is, the conditions of the bill of lading that the freight charges shall be a certain sum, and other like conditions will not bind an intermediate carrier, which is required by law to carry. But I do not believe that the doctrine can be carried to the extent claimed by the defendant. I am of opinion that the intermediate carrier, even under those circumstances, is required to take notice' of fhe fact that there was a bill of lading issued, and that it will be responsible for the delivery without the production of the bill, of lading. While it is not bound by the restrictions in the bill to. which it did not give its assent, unlike the case of the intermediate carrier who receives such freight without being compelled to receive it and which is held to have- assented to and ratified the terms of the bill of lading, yet I think this will not relieve it from the necessity of delivery to the owner, and that it must take notice of the fact that there was a bill of lading issued and delivered to the holder thereof.
Without stopping to cite authorities, I think they support this conclusion, and if the carrier delivers the property without the bill of lading, it is done at the carrier’s risk. The demurrer is therefore overruled.